**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **DAVID P. and L.P.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED HEALTHCARE INSURANCE COMPANY, MORGAN STANLEY CHIEF HUMAN RESOURCES OFFICER, and THE MORGAN STANLEY MEDICAL PLAN,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND PREJUDGMENT INTEREST**<br><br>**Case No. 2:19-cv-00225-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

District Judge Jill N. Parrish referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Plaintiffs David P. and L.P.'s (collectively, "Plaintiffs") Motion for Attorney Fees, Costs, and Prejudgment Interest, filed pursuant to the court's Memorandum Decision and Order in this case,[3] and based on 29 U.S.C. § 1132(g)(1), Fed. R. Civ. P. 54(d), DUCivR 54-2.[4] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(f), the court concludes that oral argument is not

[1] ECF No. 5.

[2] ECF No. 31.

[3] ECF No. 92.

[4] ECF No. 99.

necessary and, therefore, decides the motion on the written memoranda. For the reasons stated, the court awards attorney fees in the amount of $41,650, costs in the amount of $400, and prejudgment interest at the rate of 10% per annum.

## BACKGROUND

Plaintiffs filed this action against Defendants United Healthcare Insurance Company, Morgan Stanley Chief Human Resources Officer, and the Morgan Stanley Medical Plan (collectively, "Defendants"), claiming that Defendants' denial of certain insurance benefits violated the Employee Retirement Income Security Act ("ERISA").[5] On September 29, 2021, the court agreed and granted Plaintiffs' motion for summary judgment.[6]

Rather than remanding the case to claims administrator United Behavioral Health ("UBH") for further action, the court determined that "awarding benefits [was] the appropriate remedy where the plan administrator's decision [was] due no deference, and, further, that an award of benefits would be appropriate even were the case subject only to arbitrary and capricious review."[7] Accordingly, the court granted Plaintiffs' request for an order awarding

[5] ECF No. 2.

[6] ECF No. 92. The Memorandum Decision and Order ruled on cross-motions for summary judgment. It granted Plaintiffs' motion for summary judgment (ECF No. 39) on claims seeking payment for L.P.'s treatment at the residential treatment centers Summit Achievement and Uinta Academy. It denied Defendants' motion for summary judgment (ECF No. 37) on Defendants' decision to deny payment for L.P.'s treatment. The court did not address the parties' cross-motions for summary judgment on the Parity Act claim (ECF Nos. 66, 69) on grounds of mootness.

[7] ECF No. 92 at 33-34.

benefits for the duration of L.P.'s stay at residential treatment centers Summit Achievement ("Summit") and Uinta Academy ("Uinta").

In addition to the award of benefits, the court found that prejudgment interest was "appropriate in this case to compensate Plaintiffs for 'being deprived of the monetary value of [their] loss from the time of the loss to the payment of the judgment.'"[8] The court also concluded that Plaintiffs were entitled to an award of attorney fees and costs.[9] However, because the parties had not identified the precise amount of Plaintiffs' claimed benefits, and because the parties had not presented the court with their respective positions regarding an appropriate rate for prejudgment interest, the court ordered the parties to meet and confer and then provide the court with a joint proposed judgment setting forth the amount of benefits and prejudgment interest due. Additionally, the court instructed Plaintiffs' counsel to submit an appropriate motion for attorney fees and costs.[10]

As instructed, Plaintiffs and Defendants provided the court with a Stipulated Motion for Entry of Judgement in which they agree that the total value of benefits at issue is $177,743.72.[11] The parties were unable to agree, however, on an appropriate rate for prejudgment interest. Therefore, the parties submitted that issue to the court for decision along with Plaintiffs' motion for attorney fees and costs.

---

[8] ECF No. 92 at 36 (quoting *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002)).

[9] *Id.* at 37.

[10] *Id.* at 38.

[11] ECF No. 104 at 1.

## ANALYSIS

### I. Prejudgment Interest

ERISA contains no explicit provision for prejudgment interest. However, because ERISA allows a plan participant to seek "appropriate equitable relief,"[12] prejudgment interest is available in the court's discretion.[13] The United States Court of Appeals for the Tenth Circuit has instructed that a court may appropriately award prejudgment interest in an ERISA case "when its award serves to compensate the injured party and its award is otherwise equitable."[14]

In this case, the court has already determined that an award of prejudgment interest is appropriate. In the Memorandum Decision and Order granting Plaintiffs' motion for summary judgment, the court stated that "prejudgment interest is appropriate in this case to compensate Plaintiffs for 'being deprived of the monetary value of [their] loss from the time of the loss to the payment of the judgment.'"[15] Therefore, all that remains to be decided is the appropriate rate.

Plaintiffs request a prejudgment interest rate of 10% based on the state statutory rate set forth at Utah Code § 15-1-1(2).[16] That section provides: "Unless the parties to a lawful written,

---

[12] *See* 29 U.S.C. § 1132(a)(3)(B).

[13] *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008).

[14] *Allison v. Bank One-Denver*, 289 F.3d 1223, 1243 (10th Cir. 2002); *see also Fed. Deposit Ins. Corp. v. Rocket Oil Co.*, 865 F.2d 1158, 1160 (10th Cir. 1989) ("The general rule under federal law for awarding prejudgment interest is that 'interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.'" (quoting *Bd. of Comm'rs of Jackson Cnty. v. United States*, 308 U.S. 343, 352 (1939))).

[15] ECF No. 92 at 36 (quoting *Caldwell*, 287 F.3d at 1287).

[16] ECF No. 99 at 4-5.

verbal, or implied contract expressly specify a different rate of interest, the legal rate of interest for the contract, including a contract for services, a loan or forbearance of any money, goods, or services, or a claim for breach of contract is 10% per annum."[17]

Defendants claim that the statue on which Plaintiffs rely – Utah Code § 15-1-1(2) – is preempted by ERISA § 514(a).[18] Additionally, Defendants claim that a 10% rate would result in a windfall to Plaintiffs and give them more than they would have earned if they had invested the funds during the relevant time.[19] Thus, Defendants argue that the prejudgment interest rate should be consistent with the Treasury bill rate (the "federal statutory rate") under 28 U.S.C. § 1961(a).[20]

Defendants' arguments are unpersuasive. First, although there are numerous ERISA cases in which federal appellate and district courts have chosen to use the federal statutory rate for prejudgment interest,[21] the Tenth Circuit has made clear that "courts are not *required* to use

---

[17] Utah Code Ann. § 15-1-1(2).

[18] ECF No. 105 at 2 of 12 (stating that Utah Code § 15-1-1(2) is preempted by ERISA § 514(a) and therefore "is not the proper starting place to address the interest rate applicable to the Court's award of benefits").

[19] *Id.* at 3 of 12.

[20] *Id.* at 4 of 12 & n.1 (quoting 28 U.S.C. § 1961(a) and stating that the Treasury bill rate is "'equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System'").

[21] *See, e.g.*, *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995); *Sweet v. Consol. Aluminum Corp.*, 913 F.2d 268, 270 (6th Cir. 1990); *United States v. Mason Tenders Dist. Council*, 909 F. Supp. 891, 895 (S.D.N.Y. 1995). *But see, e.g.*, *Schumacher v. AK Steel Corp. Ret. Accumulation Pension Plan*, 711 F.3d 675, 686-87 (6th Cir. 2013) (concluding that district court abused its discretion in its mechanical award of prejudgment interest at the federal statutory rate because the rate was unfairly low and created a windfall in favor of defendant's wrongdoing).

section 1961 in calculating prejudgment interest."[22] Moreover, contrary to Defendants' suggestion that the 10% prejudgment rate set forth Utah Code § 15-1-1(2) is somehow preempted, the Tenth Circuit has held otherwise by allowing district courts to "look to state statutory prejudgment interest provisions as guidelines for a reasonable rate."[23] Indeed, what is clear from the precedent is that the Tenth Circuit has declined to dictate a specific prejudgment interest rate for ERISA cases. Instead, a court has broad discretion to choose an appropriate prejudgment interest rate, and equitable considerations should guide the court's exercise of that discretion.[24] "An award that fails to make the plaintiff whole due to inadequate compensation for the lost use of money frustrates the purposes of ERISA's remedial scheme."[25] For example, awarding prejudgment interest at a rate "that does not capture the lost value of the money during the period it was withheld 'would create a perverse incentive' for a defendant to delay payments

[22] *Caldwell*, 287 F.3d at 1287 (recognizing that § 1961 applies to post-judgment interest in ERISA cases and explicitly providing that in determining *prejudgment* interest, courts are not "bound by its strictures" (emphasis added)).

[23] *Weber*, 541 F.3d at 1016 (upholding award of prejudgment interest in ERISA case at 15% rate provided for under Oklahoma law and citing similar cases); *see, e.g., Allison*, 289 F.3d at 1244 (holding that district court did not abuse its discretion in awarding prejudgment interest at the Colorado statutory rate of 8%); *D.K. v. United Behavioral Health,* No. 2:17-cv-1328, 2021 WL 4060937, at *1 (D. Utah Sept. 7, 2021) (applying state statutory rate of 10% prejudgment interest in ERISA case); *Charles W. v. Regence BlueCross and BlueShield of Ore.*, No. 2:17-cv-824, 2019 WL 6220060, at *1 (D. Utah Nov. 21, 2019) (applying state statutory rate of 10% prejudgment interest rate in ERISA case).

[24] *Weber v. GE Group Life Assur. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008) (providing that the "rate for prejudgment interest also 'rests firmly within the sound discretion of the trial court.'" (quoting *Caldwell*, 287 F.3d at 1287)).

[25] *Schumacher*, 711 F.3d at 686.

while it earned interest on those funds."[26] At the same time, however, the prejudgment interest rate should not be so high that it imposes a punitive measure.[27]

Applying these principles, the court concludes that an award of prejudgment interest at the rate of 10% is appropriate to make Plaintiffs whole and to promote ERISA's underlying goals. More specifically, prejudgment interest at 10% will compensate Plaintiffs for hardships incurred by having to pay out-of-pocket for L.P.'s treatment from November 2016 through November 2017, and it will compensate Plaintiffs for their prolonged lost opportunity to use their money, which Defendants retained for the past several years, since roughly 2017 through the payment of the judgment.[28] In addition to making Plaintiffs' whole and promoting ERISA's underlying goals, this prejudgment interest rate is consistent with the prejudgment interest rate that courts in this district have found equitable under similar circumstances.[29]

---

[26] *Gross v. Sun Life Assurance Co. of Canada*, 880 F.3d 1, 20 (1st Cir. 2018) (quoting *Pacific Ins. Co. v. Eaton Vance Mgmt.*, 369 F.3d 584, 590 n.8 (1st Cir. 2004)).

[27] *Schumacher*, 711 F.3d at 688.

[28] *See Caldwell*, 287 F.3d at 1287 (providing that prejudgment interest is available to make the plaintiff whole and compensate plaintiff for the lost opportunity to use the money which defendant retained); *see also, e.g., Schumacher*, 711 F.3d at 688 (providing that a proper determination of prejudgment interest involves a consideration of factors beyond the federal statutory rate, including the time value of the lost money, the effects of inflation, prevailing market rates, what the party would have had to pay to borrow the money at issue, and the wrongdoer's actual rate on return while they held the money).

[29] *See, e.g.*, *D.K.*, 2021 WL 4060937, at *1 (applying state statutory rate of 10% prejudgment interest rate in ERISA case); *Charles W.*, 2019 WL 6220060, at *1 (applying state statutory rate of 10% prejudgment interest rate in ERISA case).

## II. Attorney Fees & Costs

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."[30] The United States Court of Appeals for the Tenth Circuit has established five factors for the court to weigh in determining whether to award attorney fees and costs in an ERISA case:

> (1) The degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of fees; (3) whether an award of fees would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[31]

These factors serve as guidelines for the court. "No single factor is dispositive and a court need not consider every factor in every case."[32]

After reviewing the relevant factors and applying them to the circumstances in this case, the district court, exercising its discretion, concluded that Plaintiffs were entitled to costs and reasonable attorney fees.[33] More specifically, although the court did not find that Defendants acted in bad faith, the court did find Defendants culpable in failing to properly evaluate Plaintiffs' claims for benefits and in failing to provide reasoned explanations for its

---

[30] 29 U.S.C. § 1132(g)(1).

[31] *Cardoza v. United of Omaha Life Ins., Co.*, 708 F.3d 1196, 1207 (10th Cir. 2013) (quoting *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 254 (2010)).

[32] *Id*.

[33] ECF No. 92 at 37.

determinations.[34] Additionally, the court found that Defendants had the ability to satisfy an award of fees, and that an award of fees in this case might "encourage [Defendants] and its peers to engage in a 'meaningful dialogue' with claimants in the future."[35]

Although Defendants acknowledge the district court's discretion to award "a reasonable attorney's fee and costs of an action to either party,"[36] Defendants nonetheless "object" to the district court's decision to award Plaintiffs their fees in this case without giving Defendants the opportunity to brief the issue.[37] As explained above, the court previously conducted the relevant analysis. In concluding that Plaintiffs were entitled to fees, the district court considered and applied the well-established and relevant factors to the particular facts of this case. Moreover, even if the court were to consider Defendants' arguments relating to these factors, they are unpersuasive and do nothing to alter the court's conclusion that reasonable fees are appropriate.

To determine the amount of fees to award, the court uses the lodestar method.[38] Under this method, the court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[39] Therefore, the court first discusses the hours claimed and then discusses counsels' hourly rate to determine whether the requested fee is reasonable.

---

[34] *Id.*

[35] *Id.*

[36] ECF No. 105 at 5 of 12 (quoting 29 U.S.C. § 1132(g)(1)).

[37] *Id.* at 6 of 12.

[38] *Charles W.*, 2019 WL 6220060, at *3.

[39] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

A. Reasonable Hours

Initially, Plaintiffs represented that their primary attorney, Brian King, billed 119.5 hours and Mr. King's associate, Samuel Hall, billed 112.6 hours, resulting in fees in the amount of $81,925.[40] In response, Defendants argued that Plaintiffs' fee award should not include time spent on the Parity Act claim, Plaintiffs' second cause of action, because the court did not rule on that claim and ultimately dismissed it as moot. Accordingly, Defendants claim that Plaintiffs' fees should not include: (1) 59 hours billed by Mr. King for work on the Parity Act claim and other administrative tasks done prior to drafting the Complaint; and (2) 54.9 hours billed by Mr. Hall for his work related to the Parity Act claim.[41] Eliminating these hours from Plaintiffs' request would result in a $40,275 reduction in fees.

In their Reply memorandum, Plaintiffs concede that attorney fees attributable to the Parity Act claim and administrative tasks done prior to drafting the Complaint should not be included in the fee award. Therefore, the hours the court uses for the lodestar method are the hours that Messrs. King and Hall spent litigating their successful cause of action. That is, Mr. King's hours are 60.5 while Mr. Hall's hours are 57.7.

B. Hourly Rate

Plaintiffs request a rate of $450 per hour for Mr. King and $250 per hour for Mr. Hall. Plaintiffs also request $400 in costs for filing the Complaint in this action.[42] Defendants do not

---

40 ECF No. 99 at 4.

41 ECF No. 105 at 11 of 12.

42 ECF No. 99 at 3-4.

challenge the proposed rates for Mr. King and Mr. Hall.[43] Moreover, this court has previously found $450 to be a reasonable rate for Mr. King and $250 to be a reasonable rate for associates of Mr. King.[44] Thus, the court awards them $450 per hour and $250 per hour, respectively, as requested. Accordingly, Plaintiffs seek attorney fees in the amount of $41,650,[45] which, after independent review, the court concludes is reasonable.

**ORDER**

Based on the forgoing, the court awards to Plaintiffs costs in the amount of $400, attorney fees in the amount of $41,650, and prejudgment interest at the rate of 10% per annum.

IT IS SO ORDERED.

DATED December 23, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[43] ECF No. 105 at 8 of 12 – 10 of 12.

[44] *D.K.*, 2021 WL 4060937, at *3; *James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-717, 2021 WL 76162, at *3 (D. Utah Jan. 8, 2021); *see also Charles W.*, 2019 WL 6220060, at *3 (concluding that a reasonable rate for Mr. King is $400 per hour).

[45] ECF No. 106 at 6.