IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| DAVID P. and L.P.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE, MORGAN STANLEY CHIEF HUMAN RESOURCES OFFICER, and MORGAN STANLEY MEDICAL PLAN,<br><br>    Defendants. | **MEMORANDUM DECISION, REMAND ORDER, AND ORDER DENYING MOTION TO REOPEN CASE**<br><br>Case No. 2:19-cv-00225-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff David P. and his daughter, L.P., were denied coverage by Defendants for L.P.'s mental-health and substance-abuse treatment at two residential treatment centers. They filed a federal lawsuit under the Employee Retirement Income Security Act ("ERISA"), and this court found that Defendants arbitrarily and capriciously denied Plaintiffs' benefits claims. As remedy, this court awarded Plaintiffs their claimed benefits. The Tenth Circuit affirmed the determination that Defendants had violated ERISA but reversed as to the remedy, directing that the case be remanded to Defendants for further consideration of Plaintiffs' claims.

This court, which reassumed jurisdiction over the action after the Tenth Circuit's remand, did not issue a remand order sua sponte, and the parties did not move the court for one, either. Defendants voluntarily reconsidered—and once again denied—Plaintiffs' claims. Instead of appealing this adverse decision internally for further review by Defendants, Plaintiffs now move to reopen their federal case for review of the benefits denial on reconsideration. Defendants in

response argue that Plaintiffs needed to exhaust their internal appeals before the court may grant their motion to reopen.

The court notes that this case was never closed and that this court has had jurisdiction over the case since the Tenth Circuit's mandate, so Plaintiffs' motion to reopen the case is best understood as a motion for judicial review of Defendants' redetermination. As to that redetermination, which resulted in another denial of Plaintiffs' claims, the court concludes that it is without legal effect because it was not made pursuant to a remand order by this court. The court now ORDERS that Plaintiffs' claims be remanded to Defendants consistent with this opinion and DENIES Plaintiffs' motion as premature.[1]

## BACKGROUND

This court's prior opinion granting Plaintiffs' motion for summary judgment and the Tenth Circuit's opinion partially affirming that prior opinion set out the full background of this case. *See David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1301–07 (10th Cir. 2023); *David P. v. United Healthcare Ins. Co.*, 564 F. Supp. 3d 1100, 1104–08 (D. Utah 2021). To recount briefly, Plaintiff David P. is a participant in the Morgan Stanley Medical Plan, which provides coverage for mental-health and substance-abuse care, and his daughter, Plaintiff L.P., is a Plan beneficiary.

---

[1] The court has found no statute or court rule to suggest that it was required issue the remand order within a certain time after the appellate court handed down its mandate (and the appellate court's mandate did not specify a time limit). Thus, it appears that although over one year has passed since the Tenth Circuit's mandate issued, this court retains the authority (and obligation) to issue the remand order. *See generally* 5 FRANCIS C. AMENDOLA ET AL., CORPUS JURIS SECUNDUM APPEAL AND ERROR § 1161 (rev. May 2024) ("Further proceedings, after a remand, must be had within whatever time is prescribed by statute or rule of court . . . or within the time prescribed by the judgment or decree of the court. Where no specific time is prescribed, they must be had within a reasonable time . . . ." (citations omitted)).

Defendant United Healthcare Insurance administers claims for mental-health and substance-abuse benefits under the Plan through its specialized administrator, United Behavioral Health ("UBH").

Plaintiffs submitted coverage claims for L.P.'s mental-health and substance-abuse care at two residential treatment centers—first at Summit Achievement in Maine from November 2016 to February 2017, then immediately thereafter at Uinta Academy in Utah from February 2017 to November 2017. UBH agreed to cover the first eight days of L.P.'s treatment at Uinta but denied the claims otherwise, leaving Plaintiffs to pay over $175,000 in out-of-pocket medical expenses. The Plan provides multiple levels of review of adverse determinations, and Plaintiffs appealed at each step, submitting detailed letters supported by extensive documentation. Each time, the reviewer denied their claims with a cursory paragraph or two addressing only the mental-health basis for the claims. Plaintiffs then sought review in this court under ERISA. After extensive briefing, this court agreed with Plaintiffs that UBH's denial determination was arbitrary and capricious, in part because UBH entirely failed to consider L.P.'s substance use as an independent basis for coverage. For relief, this court awarded benefits to Plaintiffs outright.

The Tenth Circuit agreed that UBH's denial of benefits was arbitrary and capricious but disagreed as to the remedy. In its view, the proper remedy for an arbitrary and capricious decision by the insurance administrator was remanding the case to the administrator. The panel's conclusion relied partly on its determination that the record did not clearly show Plaintiffs to be entitled to relief. So, the appellate court remanded the case to this court with directions to remand Plaintiffs' benefits claims to UBH for its "further[] and proper[] consideration." *David P.*, 77 F.4th at 1316–17.

As it happened, a remand order was not issued sua sponte, and the parties did not move for one, either. Without conferring with Plaintiffs to stipulate procedures for redetermination, UBH

voluntarily reconsidered Plaintiffs' claims and once again concluded that Plaintiffs were not entitled to their claimed benefits. This time, however, UBH provided significantly more detailed explanations for the denial, addressing both the mental-health and substance-abuse bases for the claims. Plaintiffs did not attempt to appeal this denial internally and instead filed a motion to reopen their federal case.

## DISCUSSION

This motion presents an odd question: what legal effect, if any, does Defendants' second denial letter have absent a remand order from this court? Ordinarily, when an insurer denies a plaintiff's benefits claim, the plaintiff may not seek federal-court review of that denial under ERISA until he has exhausted all available internal appeals, with a couple narrow exceptions.[2] *McGraw v. Prudential Ins. Co. of Am.*, 137 F.3d 1253, 1264 (10th Cir. 1998). Once he has exhausted his internal appeals, however, the administrative record is complete, and he may petition the court to review his case. *See Doe v. Harvard Pilgrim Health Care, Inc.*, 904 F.3d 1, 6 (1st Cir. 2018); *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 808 (7th Cir. 2000). At that point, a party wishing to supplement the administrative record must seek the court's explicit approval. *See S.M. v. Oxford Health Plans (N.Y.), Inc.*, 94 F. Supp. 3d 481, 505–06 (S.D.N.Y. 2015).

These principles, though not directly on point in this case, are nonetheless instructive. Here, Plaintiffs pursued all available internal review the first time their claims were denied, completing the administrative record for federal-court review. The case made its way to the Tenth Circuit, whose order called for a remand to the insurer for redetermination of Plaintiffs' claims. This

---

[2] Often, as here, the plaintiff's insurance plan also forbids him from filing a lawsuit to recover benefits until he has exhausted the plan's administrative process.

redetermination would necessarily supplement what was otherwise a complete administrative record. So, for any redetermination to have legal effect, it must have been issued with judicial approval—that is, pursuant to an explicit judicial remand order.

UBH's second denial letter was not issued pursuant to any remand order from this court. Defendants nonetheless urge the court to deny Plaintiffs' motion for failure to exhaust, in essence treating the second denial letter as having the same legal effect as an initial denial letter. This argument assumes first that the Tenth Circuit's opinion functioned as the necessary judicial remand order and second that this purported remand order essentially wiped the slate clean for a do-over in the manner of an initial determination.

The court concludes that the Tenth Circuit's opinion did not itself constitute a remand order; therefore, Defendants' second denial letter has no legal effect. Recall that this court originally awarded Plaintiffs their claimed benefits outright as remedy for Defendants' ERISA violations. The appellate court disagreed as to the remedy, explaining that "the most appropriate remedy is to remand Plaintiffs' claims to UBH for its further, and proper, consideration." *David P.*, 77 F.4th at 1315. The panel then "remand[ed] this case *to the district court* with directions to remand Plaintiffs' benefits claims to UBH." *Id.* at 1316–17 (emphasis added). The opinion did not purport to remand Plaintiffs' claims to UBH directly; according to the plain language of the opinion, any remand to UBH required a remand order from *this court*. Once again, no remand order was issued sua sponte, and the parties did not move for one either. Thus, the benefits claims were never actually remanded to UBH, and UBH's second denial letter is thus without legal effect.

But even if the court construed the Tenth Circuit's opinion as itself ordering remand to UBH (in which case UBH's second denial letter would have been issued pursuant to a judicial remand order), the court is not convinced that Plaintiffs would be subject to an additional

5

exhaustion requirement on remand. For one, during the initial claims-determination process, Plaintiffs pursued every possible internal appeal before filing for federal-court review. At that point, they satisfied the administrative-exhaustion requirement. Nothing in the Tenth Circuit's opinion indicates that remand would start the claims-determination process from the very beginning, as if Plaintiffs had not already spent time and resources pursuing multiple levels of internal appeal during the initial determination process. Moreover, one of the reasons for the administrative-exhaustion requirement in the first place is conserving resources and promoting the efficient resolution of benefits claims. *Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003). Requiring a plaintiff to pursue multiple levels of internal review every time a claim is remanded to the insurer, however, would greatly frustrate this purpose; it would multiply administrative costs when only one additional level of review by the insurer would satisfy remand's purpose of giving the insurer an additional opportunity to course correct. *Cf. Durand v. Hanover Ins. Grp., Inc.*, 560 F.3d 436, 439–40 (6th Cir. 2009) (not requiring exhaustion in a challenge to the legality of an insurance plan's methodology because "[i]n that situation, exhaustion wastes resources rather than conserves them").

In any event, the Tenth Circuit's opinion required an order from this court to officially start the redetermination process on remand (which, as noted, was never issued). Although remand orders from the district court in a case like this may seem ministerial and without much practical effect, they actually serve important functions in the efficient and orderly resolution of a plaintiff's benefits claim. For example, remand orders in ERISA cases often explain the specific issues to be considered on remand. *See, e.g.*, *Miller v. Monumental Life Ins. Co.*, 376 F. App'x 871, 873–74 (10th Cir. 2010). In addition, they frequently specify the procedures to be followed to ensure that the parties understand their respective rights and obligations. *See, e.g.*, *DeMoss v. Matrix Absence*

6

*Mgmt., Inc.*, 438 F. App'x 650, 651 (10th Cir. 2011); *Maida v. Life Ins. Co. of N. Am.*, 949 F. Supp. 1087, 1094–95 (S.D.N.Y. 1997). Thus, judicial remand orders set the scope and framework for remand and provide the court a yardstick against which to evaluate the insurer's redeterminations if the plaintiffs move for judicial review again.

In crafting the remand order for this case, the court first considers the Tenth Circuit's instructions. As noted above, the appellate court directed this court "to remand Plaintiffs' benefits claims to UBH for its further, *and proper*, consideration." *David P.*, 77 F.4th at 1317 (emphasis added). "Proper" here signifies the limitation that the Tenth Circuit placed on the issues that could be considered on remand. Specifically, it held that "'the plan administrator [may not] reevaluate a claim based on a rationale not raised in the administrative record' and not previously conveyed to Plaintiffs." *Id.* at 1316 (citation omitted). Thus, for example, UBH may not evaluate Plaintiffs' claims based on the substance-abuse rationale on remand because UBH entirely ignored the substance-abuse basis during the initial determination process; remand is only to provide UBH an opportunity to elaborate on the rationales previously raised and conveyed.

Next, the court sets out a timeline and process for the remand. Based on discussion with counsel at oral argument, the court gives UBH 60 days from the date on which this remand order issues to properly reevaluate Plaintiffs' claims. Then, in case UBH denies some or all the benefits claims, Plaintiffs shall have 60 days from the date on which UBH issues its redetermination decision to respond. If Plaintiffs do not respond in those 60 days, the court will treat any objections as waived. Finally, UBH must reconsider the claims and reply to Plaintiffs' objections (assuming Plaintiffs have any) within 30 days from the date on which Plaintiffs respond. If UBH fails to do so, the court will treat UBH as having conceded that Plaintiffs are entitled to their claimed benefits. This process essentially provides one level of internal appeal. Plaintiffs must exhaust this one level

of appeal by responding to any adverse determinations within the 60-day window, but once they have done so, they may return to this court and seek judicial review. To be clear, the multiple levels of internal review that apply to the initial claims determination under the Plan will not apply to the determination of Plaintiffs' claims on remand. Pending the outcome on remand, this court retains jurisdiction over the case and stays all other proceedings before this court.

## CONCLUSION AND ORDER

For the reasons above, the court **DENIES** Plaintiffs' motion (construed as a motion for judicial review of Defendants' redetermination) as premature and **ORDERS** that Plaintiffs' benefits claims be remanded to UBH for reconsideration consistent with this opinion.

Signed December 5, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge